[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14132
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00260-ACC-GJK

LARRY CRAFT, individually and
for and on behalf of minor son, ZC,
APRIL CRAFT, individually and
for and on behalf of minor son, ZC,

Plaintiffs-Appellants,

versus

HEATHER OLSZEWSKI,
DANIEL GENOVESE,
CITY OF ORANGE CITY FLORIDA,
PERSIO GENAO,
BEN F. JOHNSON, Sheriff of Volusia County, Florida, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2011)

Before TJOFLAT, CARNES and COX, Circuit Judges.

PER CURIAM:

The Plaintiffs Larry Craft and April Craft, individually and on behalf of their minor son, ZC, filed this civil action against several individuals and Volusia County, Florida, asserting various 42 U.S.C. § 1983 claims and one state law claim in a four count complaint. The counts at issue on appeal are as follows: Count One of the Second Amended Complaint (the complaint at issue) asserts a § 1983 claim against Persio Genao, a Deputy Sheriff with the Volusia County Sheriff's office; Count Two asserts at § 1983 claim against Daniel Genovese, Genao's supervisor in the Sheriff's office; Count Three asserts a Florida law assault claim against Genao; and Count Four asserts a § 1983 claim against Ben F. Johnson, the Sheriff of Volusia County, and the County.

All Defendants filed Fed. R. Civ. P. 12(b)(6) motions to dismiss, all of which asserted failure to state a claim. And, the motions filed by the individual Defendants also asserted qualified immunity. The district court granted these 12(b)(6) motions and dismissed the action as to all the Defendants with prejudice except for the Count Three Florida law assault claim against Genao, which the court remanded to state court based upon dismissal of all the federal claims. The Plaintiffs appeal.

The Plaintiffs present the following issues on this appeal. They contend that the court erred: (1) in dismissing the § 1983 claims in Count One against Genao, and

2

then remanding the Florida law claim to state court based upon dismissal of the federal claims; (2) in dismissing Count Two against Deputy Genovese; and (3) in dismissing Count Four against Sheriff Johnson and Volusia County. We find the contentions number (2) and (3) meritless; they merit no further discussion. We now consider the Plaintiffs' first contention: that the court erred in dismissing Count One against Genao.

We take the facts, as we must, from the relevant allegations of the Second Amended Complaint. We accept all well-pleaded facts as true and draw all inferences in favor of the Plaintiffs. *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997). The relevant allegations are the first fifty-one numbered paragraphs plus the allegations in Count One.

The parties agree that we review de novo the grant of a motion to dismiss. Count One asserts § 1983 claims against Deputy Sheriff Genao for wrongful arrest and the use of excessive force in making the arrest, both in violation of the Fourth Amendment. Genao's motion to dismiss is based only on allegations of the Second Amended Complaint and an exhibit attached to the Second Amended Complaint.[1]

---

[1] The exhibit is a "Mutual Aid Agreement" entered into by law enforcement agencies in the area, by the terms of which voluntary cooperation and assistance is made available across jurisdictional lines.

3

The Plaintiffs contend that the Second Amended Complaint shows that Deputy Genao, when arresting ZC, had no knowledge or information that ZC had committed any crime, and that the arrest was therefore unlawful. And, the Plaintiffs contend, the use of a dog to restrain ZC was unreasonable and excessive. Defendant Genao's response to the Plaintiffs' contentions is: (1) the district court correctly found that Deputy Genao was acting within his discretionary authority and had at least arguable probable cause to arrest ZC; and (2) as to the excessive force claim, that Deputy Genao did not violate the clearly established rights of ZC and thus was entitled to qualified immunity.

The district court's analysis, in its own words, "begins and ends with the second prong of the qualified immunity analysis–whether the unconstitutionality of Genao's actions was clearly established at the time of the incident." (R.3-59 at 9.) The court held that it was not.

The district court's analysis found that ". . . it is clear from the allegations in the Second Amended Complaint that Genao was performing his discretionary functions as a deputy sheriff. Accordingly, Plaintiffs bear the burden of establishing that qualified immunity is not appropriate." (*Id.*)

The district court assumed that ZC was arrested for burglary based upon allegations in the Second Amended Complaint. The court assumed application of the

4

"fellow officer" rule, which allows an officer to rely upon the probable cause determination of another officer. The problem is that no allegations of the Second Amended Complaint support application of the "fellow officer" rule. "Where there is at least minimal communication between different officers, the collective knowledge of the officers determines probable cause." *United States v. Allison*, 953 F.2d 1346, 1350 (11th Cir. 1992) (citing *United States v. Astling*, 733 F.2d 1446, 1460 (11th Cir. 1984). The allegations of the Second Amended Complaint do not show that the collective knowledge of all officers involved demonstrate that there was even arguable probable cause to believe that ZC had committed burglary.[2]

The district court also found that, even if there was not arguable probable cause to arrest ZC for burglary, there was probable cause to arrest him for "loitering and/or

---

[2]For example, Plaintiffs allege that the radio call reporting that a burglary had occurred was made by an officer who thought that throwing chairs into a pool was a burglary, but who had not seen ZC or his host in the pool area and had no personal knowledge of whether ZC had thrown any pool furniture. (R.2-46, Second Amended Complaint at ¶¶ 32, 38.) Plaintiffs also allege that the off-duty police officer on-scene who had called the police has "never stated that he could specifically identify ZC as a person whom he personally saw commit any crime." (*Id.* at ¶ 32.) "Probable cause to arrest exists where 'the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'" *Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir. 1985) (quoting *United States v. Pantoja-Soto,* 739 F.2d 1520, 1523 (11th Cir.1984)). And, under our binding precedent, "if the directing officer does not have probable cause, the government may not bootstrap probable cause from the innocent act of a police officer following an erroneous direction." *United States v. Ashley*, 569 F.2d 975, 983 (5th Cir. 1978) (citation omitted) (interpreting *Whiteley v. Warden*, 401 U.S. 560, 91 S. Ct. 1031 (1971)). Therefore, under the facts presented in the Second Amended Complaint, Defendant Genao cannot claim immunity based solely on the radio call.

prowling in violation of Fla. Stat. § 856.021." (R.3-59 at 12.) Here again we conclude that the allegations of the Second Amended Complaint do not support the finding.

Having concluded that the record does not support the court's finding that there was "arguable probable cause" for ZC's arrest, it follows that any use of force was excessive in violation of the Fourth Amendment. *Thornton v. City of Macon*, 132 F.3d 1395, 1400 (11th Cir. 1998).

We therefore reverse the dismissal of Count One. Since the remand of the state law claim in Count Three was based upon the dismissal of the federal claim in Count One, we vacate the remand of Count Three.

We AFFIRM except for the dismissal of Count One and the remand of Count Three. We REVERSE the dismissal of Count One and VACATE the remand of Count Three.[3]

AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART.

---

[3]Qualified immunity does not drop out of the case. Defendant Genao may assert it by motion for summary judgment and/or at trial.